

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    Plaintiff,<br><br>              v.<br><br>Carlos Jhovanny ESTRADA Perez,<br>Jose Eduardo CORRADO-ROMO,<br>Josefina MARIANO Nava,<br>Ramon RODRIGUEZ-Cuevas,<br>Arturo SESMA Rodriguez,<br><br>                    Defendants. | Magistrate Docket No.   26mj603<br><br>COMPLAINT FOR VIOLATION OF:<br>Title 8, USC 1324(a)(2)(B)(ii)<br>Attempted Bringing in Aliens for Financial Gain; Title 18, USC, Sec. 2 Aiding and Abetting;<br><br>Title 8, USC 1326 Attempted Entry After Deportation |

The undersigned complainant being, duly sworn, states:

### Count 1

On or about February 4, 2026, outside of the jurisdiction of any particular district, defendant Carlos Jhovanny ESTRADA Perez and Jose Eduardo CORRADO-Romo, who was first brought to the Southern District of California, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that certain aliens, namely, Devir Argenis ESPINOZA Gonzalez, Velany Celest GARCIA-Gavito and Jair MAURICIO Pascual, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said aliens for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18 United States Code, Section 2.

### Count 2

On or about February 4, 2026, outside of the jurisdiction of any particular district, defendant Josefina MARIANO Nava who was first brought to the Southern District of California, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near San Diego, California, without the Attorney General or her designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

Count 3

On or about February 4, 2026, outside of the jurisdiction of any particular district, defendant Ramon RODRIGUEZ-Cuevas who was first brought to the Southern District of California, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near San Diego, California, without the Attorney General or her designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

Count 4

On or about February 4, 2026, outside of the jurisdiction of any particular district, defendant Arturo SESMA Rodriguez who was first brought to the Southern District of California, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near San Diego, California, without the Attorney General or her designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Jason Larson
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON FEBRUARY 5, 2026.

HON. DAVID D. LESHNER
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Carlos Jhovanny ESTRADA PEREZ, Jose Eduardo CORRADO-Romo, Josefina MARIANO Nava, Ramon RODRIGUEZ-Cuevas, Arturo SESMA-Rodriguez

**PROBABLE CAUSE STATEMENT**

Furthermore, the complainant states that Devir Argenis Espinoza Gonzalez, Velany Celest Garcia-Gavito and Jair Mauricio Pascual, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 4, 2026, Marine Interdiction Agent (MIA) C. Levesque was serving as a crew member onboard U. S. Customs and Border Protection (CBP) Air and Marine Operations (AMO) vessel.

At approximately 11:19 AM, Multi Enforcement Aircraft (MEA) observed a vessel 29 miles south of the Maritime Boundary Line (MBL). The MEA tracked the vessel as it crossed the MBL north into the United States. The MEA then contacted MIA Agents to coordinate an interdiction point.

At approximately 3:14 PM., MIA Levesque attempted to stop the vessel located 23 nautical miles southeast of San Clemente Island. The captain of the vessel, later identified as defendant Carlos Jhovanny ESTRADA Perez complied and stopped the vessel. MIA Levesque conducted an immigration inspection on all nine individuals onboard the vessel. All nine including ESTRADA along with Jose Eduardo CORRADO-Romo, Josefina MARIANO Nava, Ramon RODRIGUEZ-Cuevas and Arturo SESMA Rodriguez stated they are citizens of Mexico without immigration documents allowing them to enter or remain in the United States legally. MIA Levesque placed all nine individuals under arrest and transported them to Ballast Point Naval Base, Point Loma, California.

Material witnesses Devir Argenis ESPINOZA Gonzalez, Velany Celest GARCIA-Gavito and Jair MAURICIO Pascual stated they are citizens of Mexico without immigration documents allowing him to enter or remain in the United States legally. All three stated that smuggling arrangements were made prior to crossing and were to pay between $13,500-18,000 USD if successfully smuggled into the United States.

All three stated that they crossed illegally via vessel. GARCIA stated that there was a captain an co-captain in the vessel. GARCIA stated that the co-captain was utilizing his cell phone to help navigate the vessel toward their destination.

**CONTINUATION OF COMPLAINT:**
Carlos Jhovanny ESTRADA PEREZ, Jose Eduardo CORRADO-Romo, Josefina MARIANO Nava, Ramon RODRIGUEZ-Cuevas, Arturo SESMA-Rodriguez

GARCIA was shown a photographic lineup and identified defendants Carlos Jhovanny ESTRADA Perez as the captain of the vessel and Jose Eduardo CORRADO-Romo as the co-captain.

ESPINOZA was shown a photographic lineup and identified defendant Carlos Jhovanny ESTRADA Perez as the captain of the vessel.

The defendant Josefina MARIANO Nava was advised of her Miranda rights. The defendant stated that she understood her rights and was willing to answer questions without an attorney present. The defendant stated that she is a citizen of Mexico illegally present in the United States. The defendant admitted that she had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that she illegally entered the United States on February 04, 2026 with an intended destination of Fresno, California.

Routine record checks of the defendant MARIANO revealed a criminal and immigration history. The defendant's record was determined by a comparison of her criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on January 27, 2026 through Nogales, Arizona. These same records show that the defendant has not applied for permission from the Attorney General of the United States or her designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Routine record checks of the defendant Ramon RODRIGUEZ-Cuevas revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on January 19, 2026, through Nogales, Arizona. These same records show that the defendant has not applied for permission from the Attorney General of the United States or her designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant Arturo SESMA Rodriguez was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney

**CONTINUATION OF COMPLAINT:**
Carlos Jhovanny ESTRADA PEREZ, Jose Eduardo CORRADO-Romo, Josefina MARIANO Nava, Ramon RODRIGUEZ-Cuevas, Arturo SESMA-Rodriguez

present. The defendant stated that he is a citizen of Mexico illegally present in the United States. The defendant admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that he illegally entered the United States on February 04, 2026.

Routine record checks of the defendant SESMA revealed an immigration history. The defendant's record was determined by a comparison of his immigration record and the defendant's current fingerprints. Official immigration records of the Department of Homeland Security revealed the defendant is not a citizen or lawfully admitted resident of the United States and was previously deported to Mexico on July 3, 2025, through San Diego, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or her designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.